IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| STEPHEN OLITA, Individually and in his capacity as President of ECIMOS, LLC, ) ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | No. 21-2763-JTF-tmp |
| JON P. MCCALLA, Individually and in his official capacity as Senior Judge of the Western District of Tennessee, ) ) ) ) ) | |
| Defendant. ) | |

_____

## REPORT AND RECOMMENDATION
_____

Before the court is *pro se* plaintiff Stephen Olita's Motion for Summary Judgment, filed on January 26, 2022. (ECF No. 9.) Olita filed the present case on December 8, 2021, seeking to have Senior District Judge Jon P. McCalla removed from a previous case Olita was involved in. (ECF No. 1.) Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination or report and recommendation, as appropriate. While Federal Rule of Civil Procedure 72 contemplates a direct referral of a matter by a district judge to a magistrate judge, this district's automatically refers the management of all pretrial matters in cases brought by non-prisoner *pro se* litigants to

magistrate judges. "The District Court for the Western District of Tennessee has long assigned all matters with pro se non-prisoner plaintiffs – like Plaintiff here – to Magistrate Judges for management of all pretrial matters." Morgan v. AMISUB (SFH), Inc., No. 2:18-cv-02042-TLP-tmp, 2020 WL 4917731, at *1 (W.D. Tenn. Aug. 21, 2020) (citing Admin. Order 2013-05, Apr. 29, 2013). Olita's Motion for Summary Judgment, which qualifies as a pre-trial motion, falls within Administrative Order 2013-05. For the below reasons, it is recommended that Olita's Motion for Summary Judgment be denied.

## I. PROPOSED FINDINGS OF FACT

Stephen Olita, President of ECIMOS, LLC, was previously involved in a complex copyright and patent litigation against Carrier Corporation. See Case No. 15-cv-02726-JPM-cgc. Judge McCalla presided over this case, which resolved with a judgment and permanent injunction in ECIMOS's favor on November 26, 2018. (Id.) This judgment was affirmed in part, reversed in part, and remanded back to the district court for management of an indefinite stay of the permanent injunction that would be lifted once certain conditions were met. See ECIMOS, LLC v. Carrier Corp., 971 F.3d 616, 644-45 (6th Cir. 2020). Post-judgment litigation has continued regarding the enforcement of the stay.

Olita filed the present case seeking to have Judge McCalla removed from presiding over the prior litigation. He accuses Judge

McCalla of tortious conduct stemming from the indefinite stay of the permanent injunction entered in that case. (ECF No. 1 at 2-3.) Olita further soeeks damages under a *Bivens* cause of action. (Id. at 5-6.) His two-page motion for summary judgment, filed less than two months after the complaint, again requests that Judge McCalla be removed, that this court modify prior orders entered in the ECIMOS litigation, and that this court enter a proposed order in that case as well. (ECF No. 9.) Judge McCalla, through counsel, responded on February 22, 2022, arguing that Olita's motion presented numerous violations of this district's local rules, was prematurely filed, and primarily sought to address issues in the ECIMOS litigation. (ECF No. 12.) Olita replied to this response on February 24, 2022.[1] (ECF No. 13.) Judge McCalla then moved for leave to file a sur-reply, which the court granted on March 3, 2022. (ECF No. 19.)

## II. PROPOSED CONCLUSIONS OF LAW

Pursuant to Fed. R. Civ. P. 56(a), "the court shall grant summary judgment if the movant shows that there is no genuine

---

[1] In this response and numerous other filings, Olita challenges the propriety of the Department of Justice ("DOJ") representing Judge McCalla in this case. As addressed in the defendant's sur-reply, "the Attorney General's discretion to deny – or grant – representation [to a federal employee] is largely absolute." Falkowski v. EEOC, 783 F.2d 252, 253 (D.C. Cir. 1985). The DOJ's decision to represent Judge McCalla is "not subject to judicial review." Chambers v. Hardy, No. 19-5201, 2019 WL 8138590, at *3 (6th Cir. Oct. 30, 2019).

dispute as to any material fact and the movant is entitled to judgment as a matter of law." A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The moving party bears the initial burden to "demonstrate the absence of a genuine [dispute] of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Local Rule 56.1(a) requires a party moving for summary judgment to provide "a separate, concise statement of the material facts." Similarly, Rule 56 of the Federal Rules of Civil Procedure requires that a party support or challenge factual assertions by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

Olita's motion does not contain a statement of material facts or any supporting evidence. It does not contain citations to the record. Moreover, the time for Judge McCalla to file an answer or other responsive pleading has not yet expired. Given the motion's premature nature, Olita relies entirely on allegations,

incorporated by reference, in his multiple complaints for support. A party may not rely solely on allegations in pleadings to support or defend against a motion for summary judgment. Fed. R. Civ. P. 56(c); Moldowan v. City of Warren, 578 F.3d 351, 374 (6th Cir. 2009) ("At the summary judgment stage, the moving party bears the initial burden of identifying those parts of the record that demonstrate the absence of any genuine issue of material fact.") (citing Celotex, 477 U.S. at 323); see also Gunn v. Senior Servs. of N. Ky., 632 F. App'x 839, 847 (6th Cir. 2015). Olita has not met his burden to support a motion for summary judgment.

For the above reasons, it is recommended that Olita's Motion for Summary Judgment be denied.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

March 4, 2022
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**