```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF TENNESSEE
                        WESTERN DIVISION
_____

STEPHEN OLITA, Individually    )
and in his capacity as         )
President of ECIMOS, LLC,      )
                               )
     Plaintiff,                )
                               )
v.                             )    No. 21-2763-JTF-tmp
                               )
UNITED STATES OF AMERICA       )
and JON P. MCCALLA,            )
Senior District Judge of the   )
Western District of Tennessee, )
Individually,                  )
                               )
     Defendants.               )
_____

       ORDER GRANTING THE UNITED STATES' MOTION TO SUBSTITUTE AS
     DEFENDANT FOR PLAINTIFF'S OFFICIAL-CAPACITY CLAIMS AGAINST
                       DEFENDANT JUDGE MCCALLA
_____
```

Before the court is the United States of America's Motion to Substitute as Defendant for Plaintiff's Official Capacity Claims Against Defendant Judge McCalla. Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination or report and recommendation, as appropriate. While Federal Rule of Civil Procedure 72 contemplates a direct referral of a matter by a district judge to a magistrate judge, this district automatically refers the management of all pretrial matters in cases brought by non-prisoner *pro se* litigants to

magistrate judges. "The District Court for the Western District of Tennessee has long assigned all matters with pro se non-prisoner plaintiffs – like Plaintiff here – to Magistrate Judges for management of all pretrial matters." Morgan v. AMISUB (SFH), Inc., No. 2:18-cv-02042-TLP-tmp, 2020 WL 4917731, at *1 (W.D. Tenn. Aug. 21, 2020) (citing Admin. Order 2013-05, Apr. 29, 2013).

Plaintiff Stephen Olita has asserted personal and official capacity claims against Judge McCalla. (ECF No. 1.) Olita's complaint seeks to modify prior orders in a separate litigation and to remove Judge McCalla as the presiding judge of that litigation under a *Bivens* cause of action. However, such injunctive relief from a federal official in their official capacity is not available under any theory of *Bivens*. Butz v. Economou, 438 U.S. 478, 504 (1978) (noting that *Bivens* provides solely monetary relief against federal officials in their individual capacities); see also Commt'y Mental Health Servs. v. Mental Health & Recovery Bd., 150 F. App'x 389, 401 (6th Cir. 2005). The injunctive relief Olita seeks would require official government action, given that all of Judge McCalla's relevant actions were done within the scope of his employment by the United States, and is properly sought against the United States rather than Judge McCalla personally. Solida v. McKelvey, 820 F.3d 1090, 1094 (9th Cir. 2016).

Pursuant to statutory requirements, the United States Attorney for this District has certified that Judge McCalla was

acting within the scope of his employment by the United States when taking the actions at issue here. (ECF No. 18-1) (citing 28 C.F.R. § 15.4); see also 28 U.S.C. § 2679(d)(2). Further, Olita did not respond to or oppose the Motion to Substitute. For the above reasons, the undersigned GRANTS the United States' Motion to Substitute as Defendant for the official capacity claims against Judge McCalla. Olita's individual capacity claims against Judge McCalla are unaffected by this order.

The Clerk of Court is directed to change the case caption to reflect the substitution of the United States as a party.

IT IS SO ORDERED.

                                        s/ Tu M. Pham
                                        TU M. PHAM
                                        Chief United States Magistrate Judge

                                        March 23, 2022
                                        Date